IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DRU P. KENNEDY                                                            PLAINTIFF

        v.                          CIVIL NO. 09-6089

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Dru P. Kennedy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 8, 2007, alleging an inability to work since August 18, 2006, due to fibromyalgia, depression, stress and anxiety. (Tr. 88-94). An administrative hearing was held on February 10, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 21-45).

By written decision dated May 14, 2009, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11).

Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, bipolar II disorder, depression, and anxiety. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally left (sic) no more than 20 pounds and 10 pounds frequently; sit for 6 hours out of an 8 hour workday; and stand/walk for 6 hours out of an 8 hour workday. In addition, she would be limited to work where interpersonal contact is incidental to work performed; tasks performed are no more complex that (sic) those performed by rote with few variables, little judgment and simple, direct and concrete supervision.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a maid or a motel cleaner. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 17, 2009. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 11).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

-2-

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

-3-

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." Id.

In determining Plaintiff could perform light work with some limitations, it appears the ALJ relied upon RFC assessments completed by non-examining medical consultants on August 31, 2007, and October 26, 2007, respectively. (Tr. 220-227, 314).  The Court notes, the opinion

-4-

of a consulting physician who examined Plaintiff once, or not at all, does not generally constitute substantial evidence.  See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999).

In finding Plaintiff could perform light work, the ALJ also addressed the opinion of Dr. Marvin N. Kirk, a consultative examiner, who diagnosed Plaintiff with severe fibromyalgia,[1] schizo affective bipolar disorder, depression and irritable bowel syndrome and opined that Plaintiff would be "severely limited with all physical activity due to fibromyalgia and fatigue." (Tr. 212-219).  The ALJ discounted the opinion of Dr. Kirk finding that the opinion was "quite conclusory" and that it appeared Dr. Kirk relied heavily on the subjective report of symptoms and limitations provided by the Plaintiff.  (Tr. 17).  The ALJ pointed out that during the evaluation of Plaintiff, Dr. Kirk found Plaintiff had a full range of motion in her spine and extremities with no evidence of muscle weakness or atrophy and normal limb function.  What the ALJ failed to point out is that Dr. Kirk also found Plaintiff was tender in sixteen of the eighteen tender points typical for those with fibromyalgia. A review of the medical evidence dated after October 26, 2007, the date of the last completed RFC assessment, reveals Plaintiff continued to complain of being in a lot of pain throughout the remainder of 2007 through December of 2008.  (Tr. 182, 183, 188, 191, 193).

---

[1]Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases.  See The Merck Manual, pp. 1369-1371 (16th Edition, 1992).  Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.  The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause the patient who really has fibromyalgia to flinch. Id.

AO72A
(Rev. 8/82)

As the RFC assessments relied upon by the ALJ did not include the medical evidence dated after October 26, 2007, revealing Plaintiff's continued complaints of pain throughout the remainder of 2007 through December of 2008, the undersigned believes remand is necessary so that the ALJ can obtain a physical RFC assessment that takes into account Plaintiff's treatment after October of 2007 through the date of the ALJ's decision on May 14, 2009. On remand the ALJ is also directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff – including, Drs. Kirk and John Erwin-- asking the physicians to review Plaintiff's medical records and complete a RFC assessment regarding Plaintiff's capabilities during the time period in question.

We further note that the medical evidence is also somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records and complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.**    **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

-6-

AO72A
(Rev. 8/82)

DATED  this 29th day of October 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)