IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DRU P. KENNEDY                                                           PLAINTIFF


        v.                              CIVIL NO. 09-6089


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

## O R D E R

        Plaintiff, Dru P. Kennedy, appealed the Commissioner's denial of benefits to this Court. On October 29, 2010, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13).  Plaintiff now moves for an award of $3,003.00 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.20 attorney hours of work before the court at an hourly rate of $165.00. (Docs. 14-15). Defendant filed a response, objecting to Plaintiff's request that the award be paid directly to Plaintiff's counsel. (Doc. 16).  Plaintiff filed a Reply stating that Plaintiff does not question the Government's right to an offset to satisfy a pre-existing debt to the Government.  (Doc. 17).

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required;  the novelty and difficulty of questions involved;  the skill required to handle the problems presented;  the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances;  the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client;  and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

-2-

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00[1] for time spent in 2009 and 2010, for a total of 18.20 hours, which he asserts he devoted to the representation of Plaintiff in this Court.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Id., 461 U.S. at 437.  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate.  The Court finds that an award based upon an hourly rate of $155.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.  Thus, based upon the above factors, the Court finds that an appropriate hourly rate is $155.00 for attorney work.

---

[1]In requesting an increase in the hourly rate, Plaintiff's counsel cites 28 U.S.C. § 2412(d)(2)(A)(ii) and states that attorney's fees shall not be awarded in excess of $135.00 per hour.  (Doc. 14, p. 3).  Based on the Consumer Price Index, Plaintiff's counsel requests an enhancement of $30.00 per hour based on an increase in the cost of living.  The maximum hourly rate for attorney's fees allowed pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii) is $125.00. Therefore, when calculating Plaintiff's attorney's fees in this case the hourly rate will be $155.00 ($125.00 + $30.00).

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks a total of 2.50 hours of work from August 17, 2009, through September 15, 2009. The Complaint was not filed in this Court until September 28, 2009. (Doc. 1). We note time spent at the administrative level is not compensable under the EAJA. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this Court. We find however, that a total of 2.00 hours is adequate time for experienced counsel to review the merits of the case and prepare the Complaint. Accordingly, 0.50 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.50 hour on September 28, 2009 (telephone conference with Clerk; trip to courthouse to pick up Complaint; dictate letters; review certified receipts; review order approving P.A.), from which we deduct 0.25 hour; 0.20 hour on November 20, 2009 (dictate and file Affidavit of service), from which we deduct 0.15 hour; and 0.30 hour on December 4, 2009 (review order and brief length; pull file and check Answer date; review briefing schedule and calendar same from disc. Print transcript), from which we deduct 0.13 hour. This time cannot be compensated, in full, under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 0.53 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.20 hour on September 29, 2009 (review order of reference signed by Judge), from which we deduct 0.15 hour. This Court concludes that the time submitted on the above referenced date should not have taken an attorney experienced in

-4-

handling social security cases more than a few minutes to review this document.  Bowman v. Secretary of H.H.S., 744 F.Supp 898 (E.D.Ark. 1989). Accordingly, 0.15 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 10.40 hours for reviewing the transcript and researching and writing Plaintiff's appeal brief.  The Court notes there were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiffs before this Court and should be well versed in social security law and we find the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of Plaintiff's brief to 10.00 hours.

Plaintiff's counsel seeks a total of 2.00 hours on November 3, 2010, to prepare the EAJA pleadings.  We find the time sought to be excessive and deduct 0.50 hour from the total compensable time sought by counsel.

Finally, Plaintiff's counsel requests that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff.  Plaintiff's counsel argues that the EAJA award should be payable directly to him based on Plaintiff's assignment of her interest in any such award of attorney's fees. (Doc. 15).

In other cases where Plaintiff's counsel has made such a request, Defendant has argued that the United States Supreme Court has held that fee awards under the EAJA are payable to the party litigant, not the party's attorney.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).  Defendant has also argued that the purported assignment between Plaintiff's counsel and Plaintiff is invalid

-5-

pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[2]  Nonetheless, Defendant agreed to waive strict compliance with the Anti-Assignment Act only if the Court issued the Order for the EAJA award to be payable to Plaintiff, and the Defendant determined that Plaintiff did not owe a debt to the United States.  Defendant stated once the Order was entered awarding a claimant's attorney's fees under the EAJA, the Defendant would contact the Treasury Department to determine if the claimant owed the government a debt that was subject to administrative offset. If Plaintiff did not owe a debt when the Defendant effectuated the Court's order awarding EAJA fees, the Defendant would waive the requirements of the Anti-Assignment Act and honor the agreement between Plaintiff and her attorney by paying the EAJA award directly to Plaintiff's counsel.  However, if Plaintiff did owe a debt, the Defendant would  not waive the Anti-Assignment Act and would pay the EAJA award to Plaintiff, thus subjecting the award to offset.

In the present case, whether Plaintiff owes a debt to the government is unknown to the Court, and the Court is hesitant to take on the task of determining whether an offsetting qualifying debt exists.  Therefore, this Court, like other courts have done throughout the circuits since the determination in <u>Ratliff</u>, believes Defendant's proposal addressed above, will best serve all parties of interest.  <u>See</u> <u>Johnson v. Astrue,</u> 2011 WL 1298035 * 2 (E.D.Ark. April 4, 2011)

---

[2] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1).  The Act establishes several technical requirements for a valid assignment:

An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

-6-

(approving the Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay Plaintiff's counsel directly only after an order is entered awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt); Kelley v. Astrue, 2010 WL 3636145 (E.D.Ky. Sep.14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant—"the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees"); Calderon v. Astrue, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant—"Defendant ... seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti–Assignment Act. This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"). Accordingly, the EAJA award should be paid directly to Plaintiff.

Accordingly, we find Plaintiff is entitled to an attorney's fee award under the EAJA for: 16.12 (18.20-2.08) hours for attorney's fees at the rate of $155.00 per hour, for a total attorney's fee award of $2,498.60. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

-7-

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 26th day of May 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-8-